IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIMITRI DIMITROYANNIS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0752 |
| | § | |
| DR. VIVEK KAVADI, U.S. ONCOLOGY, INC., TEXAS ONCOLOGY, P.A., and MCKESSON CORP., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF PARTIAL DISMISSAL**

Pending before the Court in the above referenced action alleging retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), are Defendant McKesson Corporation's ("McKesson's") motion for summary judgment (instrument #18) and Plaintiff Dimitri Dimitroyannis' motion for nonsuit of McKesson without prejudice (#21).

There is no "non-suit"[1] recognized in Federal Rules of Civil Procedure, which govern suits filed in federal court. Instead Federal Rule of Civil Procedure 41(a) provides for voluntary dismissal, stating in relevant part,

> (1) *By the Plaintiff*
>
> **(A)** *Without a Court Order*, Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing
>
> **(I)** a notice of dismissal before opposing party serves either an answer or a motion for summary judgment; or

---

[1] Texas Rule of Civil Procedure 162 provides for nonsuit.

> > **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>
> > **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2)** ***By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .

Here McKesson filed a motion for summary judgment before Plaintiff filed his motion for nonsuit, which the Court therefore construes as a motion for voluntary dismissal under Rule 41(2).[2]

Because Plaintiff's motion requests dismissal of McKesson without prejudice in this second suit, because McKesson's motion for summary judgment argues on the merits that it was not Plaintiff's employer for purposes of § 3730(h), and because Plaintiff has filed a response, in the interests of justice and economy the Court addresses McKesson's motion first.

---

[2] The Court further notes that Plaintiff has filed a previous federal court suit, H-11-4638, a *qui tam* action under the False Claims Act, 31, U.S.C. § 3729, with similar factual allegations and which included a retaliation claim under 31 U.S.C. § 3730(h), and which involved the same Plaintiff and the same Defendants. #5, Notice of Related Litigation. On March 15, 2013 Plaintiff moved to dismiss the suit after the United States declined to intervene and after Judge Rosenthal reset a status conference four times and ordered Plaintiff to file an amended complaint by that date. #5, Defendants' Notice of Related Litigation.

## Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Supported by an affidavit, McKesson contends that it was not Plaintiff's employer, that the only party that had an employment relationship with Plaintiff was his employer, Defendant Texas Oncology, P.A., and that McKesson is an independent indirect corporate parent of Defendant US Oncology, Inc., which also was not Plaintiff's employer. Thus McKesson asks the Court to grant its motion and dismiss Plaintiff's claim against it with prejudice.

Plaintiff's response asserts that because it has now nonsuited all claims against McKesson, McKesson's motion for summary judgment is moot and therefore the Court should deny the motion. As noted, because McKesson's motion for summary judgment was filed before Plaintiff's motion for nonsuit, Plaintiff's request requires a court order to be effective, so Plaintiff's argument lacks merit. Moreover under Rule 41(2) the court has the discretion to determine what terms of dismissal are appropriate.

Plaintiff's complaint alleges that "Defendants retaliated against [him] by terminating his employment for making

informal and formal complaints regarding violations of the False Claims Act." #1, ¶ 21. He was terminated on October 11, 2011.

Before it was amended in 2009 by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Public L. No. 111-21, § 3730(h) barred retaliation read in relevant part as follows:

> Any employee who is discharged . . . by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of such an action under this section . . . shall be entitled to all relief necessary to make the employee whole."

31 U.S.C. § 3730(h)(West 2003). Because it identified only the "employer" as incurring liability, it was interpreted to require an employment relationship and the employer was the defendant. *See, e.g., Yesudian v. Howard University*, 270 F.3d 969, 972 (D.C. Cir. 2001).

The 2009 amendment, which applies to conduct occurring on or after May 20, 2009, modified Section 3730(h)(1) to provide,

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if the employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

*U.S. ex rel. Patton v. Shaw Services, LLC*, 418 Fed. Appx. 366, 372 n.5 (5th Cir. 2011), *quoting* Pub. L. No. 111-21, § 4(d), 123 Stat. 1624-25 (2009). It expanded the provision to add "a contractor, or agent" to "employee" and eliminated the requirement that the retaliatory act be taken by an "employer." *See, e.g.*, Joel

-4-

Androphy, *White Collar Crime* § 42:21 "The False Claims Act–Claims Under the FCA" (database updated July 2012)(Through the 2009 amendments "FERA also expanded retaliation to individuals not previously protected. Specifically, FERA states that the FCA also protects . . . family members and colleagues of relators, and independent contractors and agents of the employer who are not technically 'employees.' Additionally, FERA eliminates the requirement that retaliatory acts be undertaken by the relators's employer. This change essentially extends liability to retaliatory acts committed by a relator's co-workers, supervisors, and/or other employees."); Claire M. Sylvia, *The False Claims Act: Fraud Against the Government* § 5:6 (database updated April 2013 ("As amended in 2009, section 3730(h) no longer requires an employment relationship between the defendant and the plaintiff. Thus any person who engages in the prohibited conduct, which includes threatening and harassing the employee, contractor, or agent because of their [*sic*] protected activity, is subject to liability under this provision.").[3] Because McKesson addresses and provides evidence only that it is not a direct employer of Plaintiff nor challenged Plaintiff's failure to plead sufficient facts to determine McKesson's control over its subsidiary's

---

[3] Sylvia also notes that even under the statute prior to the 2009 amendments, "Whether the plaintiff is the employee of a particular corporate entity, such as a parent company or its subsidiary, may also present a question under the 1986 version of the Act." *Id.*, *citing inter alia U.S. ex rel. Howard v. Urban Inv. Trust, Inc.*, No. 03 C 7 668, 2010 WL 148643, (N.D. Ill. Jan. 14, 2010)(amended complaint sufficiently alleged unity of interest between individual and corporate defendants to survive motion to dismiss).

employment decisions nor provided evidence of its own regarding such control or lack thereof, the Court denies its motion.

The Court further observes that McKesson has not filed a response to Plaintiff's motion for nonsuit. Under Local Rule 7.4, "Failure to respond will be taken as a representation of no opposition." Nor has any other party filed objections.

Accordingly, the Court

ORDERS that McKesson's motion for summary judgment (#18) is DENIED. The Court further

ORDERS that Plaintiff's motion for voluntary dismissal (#21) of McKesson is GRANTED and McKesson is DISMISSED without prejudice.

**SIGNED** at Houston, Texas, this  9th  day of  October , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE